UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:16-cv-00445 MCE AC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PATRICIA GUERRERO, et al., | |
| Defendants. | |

This matter is before the court on plaintiff's motion for default judgment (ECF No. 12) and defendants' motions for relief from default (ECF Nos. 17, 18, 19). The motions were referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). For the reasons set forth below, the undersigned recommends plaintiff's motion be DENIED and defendants' motions be GRANTED. The undersigned further recommends this case be referred to the court's Voluntary Dispute Resolution Program ("VDRP").

I. Background

Plaintiff's complaint was filed on March 2, 2016. ECF No. 1. Notices of summons returned executed were filed on March 23, 2016 and March 31, 2016. ECF Nos. 3, 4, 5. Defendant Alicia Guerrero, mother of defendant Patricia Guerrero and spouse of defendant Alberto Guerrero, was personally served on behalf of all three defendants via personal and substitute service. Id. Plaintiff seeks damages and injunctive relief under the Americans with

Disabilities Act. ECF No. 1. Defendants did not timely answer, and plaintiff moved for entry of default 16cvagainst the defendants on April 20, April 29, and April 30 of 2016. ECF Nos. 7, 8, 9. Default was entered as to each defendant on May 2, 2016 by the Clerk of Court. ECF No. 10.

On October 3, 2017, plaintiff moved for default judgment. ECF No. 12. The motion was set to be heard on December 6, 2017. Id. On December 4, 2017, counsel appeared on behalf of defendants. ECF Nos. 14, 15, 16. That same day, counsel filed motions for relief from default on behalf of each defendant. ECF Nos. 17, 18, 19. In the motions for relief, which are largely identical, defendants assert that Alicia and Alberto Guerrero are not English speakers and did not understand the nature of the complaint when it was served. See, e.g., ECF No. 17-1 at 2. Defendant Alicia Guerrero went to see attorney Jose Rodriguez, and though she did not recall signing anything, she had believed that Mr. Rodriguez was representing herself and her co-defendants. Id. at 3, Decl. of Alicia Guerrero at ¶ 3-4.

Defendants Alicia and Alberto Guerrero assert that they did not become aware that no action had been taken on their behalf until the motion for default judgment was served. ECF 17-1 at 2. Defendant Patricia Guerrero, who is an English speaker but was not personally served, did not become aware of this litigation until a few weeks before her motion was filed. Id. Plaintiff did not file any response to defendants' motions for relief from default.

## II. Analysis

Default judgment is not appropriate in this case, where defendants have now appeared and indicated that they wish to defend or settle this lawsuit on the merits. "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a

dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

The Eitel factors weigh heavily in favor of denying entry of default judgment in this case. Plaintiff has not articulated any harm or prejudice that would result from denial of default judgment now that defendants have belatedly appeared and indicated a desire to defend. Plaintiff's failure to oppose the motion for relief from default effectively forfeits any such argument. Defendants have articulated the circumstances of their default, which support a finding of excusable neglect. Further, because defendants have opposed the entry of default judgment and wish to dispute the merits of plaintiff's claims, the seventh Eitel factor is dispositive. In light of "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," entry of default judgment should be denied. For each of these same reasons, relief from default should be granted.

### III. Conclusion

For the reasons set forth above, it IS HEREBY RECOMMENDED that the District Judge order as follows:

1. Plaintiff's motion for default judgment (ECF No. 12) is DENIED;
2. Defendants' motions for relief from default (ECF Nos. 17, 18, 19) is GRANTED;
3. This action is STAYED pending further order of the court;
4. The parties are directed to promptly meet and confer to discuss settlement of this action. Settlement discussions require focus and preparation and should involve the attorneys who will try the case and the person or persons having full authority to negotiate and settle the case on any terms. Plaintiff should initiate settlement discussions by providing a written itemization of damages and a meaningful settlement demand that includes an explanation of why the demand is appropriate. Defendant should respond with an acceptance of the offer or with a meaningful counteroffer, and which includes an explanation of why the counteroffer is reasonable.

3

The parties should continue in this way until they reach settlement or have exhausted informal settlement efforts.

5. If the parties have not been able to informally reach a settlement within 45 days, the parties shall initiate participation in the court's Voluntary Dispute Resolution Program ("VDRP") by contacting the court's VDRP administrator, Sujean Park, at (916) 930-4278 or SPark@caed.uscourts.gov.

6. The parties shall carefully review and comply with Local Rule 271, which outlines the specifications and requirements of the VDRP.

7. No later than fourteen (14) days after completion of the VDRP session, the parties shall jointly file their VDRP Completion Report, consistent with Local Rule 271(o).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 12, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE